**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STATE OF NEVADA, ex rel. BARRETT R. BATES *et al.*, | No. 11–16310 |
| Plaintiff - Appellant, | D.C. No. 3:10-CV-00407-VPC |
| v. | MEMORANDUM[*] |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. *et al.*, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Submitted August 9, 2012[**]
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and KORMAN, District Judge.[***]

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***]       The Honorable Edward R. Korman, District Judge for the United States District Court for the Eastern District of New York, sitting by designation.

Plaintiff Barrett R. Bates, a realtor, filed suit under the Nevada False Claims Act ("NFCA"), Nev. Rev. Stat. §§ 357.010 *et seq*, against Defendants Mortgage Electronic Registration System, Inc. ("MERS"), Bank of America, N.A., Citimortgage, Inc., GMAC Mortgage LLC,[1] Wells Fargo, N.A., as well as a law firm, Cooper Castle, and a trustee at a title company, Stanley S. Silva (collectively, "Defendants"), on behalf of numerous Nevada counties. Bates alleged that Defendants made false representations in naming MERS as a beneficiary in recorded mortgage documents in order to avoid paying recording fees. Defendants removed the case to federal court based on diversity of citizenship. Bates then filed a motion to remand. The district court denied Bates's motion to remand and dismissed the case, concluding that it had diversity jurisdiction and that Bates failed to state a claim for a violation of the NFCA. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.[2]

**1.** As an initial matter, Bates contends that because the State of Nevada is a real party in interest, diversity jurisdiction is defeated and the case should have been remanded to state court. The district court properly determined that Bates did

---

[1] GMAC Mortgage LLC has since filed a Notice of Bankruptcy, and this appeal is automatically stayed as to GMAC.

[2] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

not assert any plausible claims against Defendants on behalf of the State. Under *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980), courts "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Because Bates has not met his burden of pointing to any allegations in the complaint to support his contention that the State is more than a nominal party, the court properly denied the motion to remand.

**2.** The NFCA provides that a defendant may be held liable if it "[k]nowingly makes or uses . . . a false record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the State or a political subdivision." Nev. Rev. Stat. § 357.040(1)(g). Bates does not allege that Defendants had an "obligation" to the Counties to record assignments of interests in loans and pay corresponding recording fees. He cannot make this allegation because there is no such "obligation" under Nevada law. Because Defendants had no "obligation" to record assignments or other documents relating to securing property, Bates failed to state a claim of liability under Nev. Rev. Stat. § 357.040(1)(g). Accordingly, he has not stated a claim under Rule 12(b)(6).[3]

---

[3] Because we conclude that the district court did not err in dismissing Bates's claims for failure to state a claim under Rule 12(b)(6), we do not reach Defendants' argument that the dismissal may be upheld because Bates's action is jurisdictionally barred under the NFCA.

**3.** Bates contends that the district court erred in denying his motion to certify a question to the Nevada Supreme Court.[4] The district court properly denied Bates's motion because the question was not determinative. *See* Nev. R. App. P. 5(a) (the Nevada Supreme Court will only accept certification of "questions of law of this state which may be determinative of the cause then pending in the certifying court."). Several weeks after the district court issued an order explaining that Bates had not stated a claim, Bates sought certification of an issue that had nothing to do with the theories in his complaint. Thus, Bates improperly sought certification of a question that was not before the district court, and the court did not abuse its discretion in declining to certify the question.

Accordingly, the district court's judgment is **AFFIRMED**.

---

[4] The requested question was:

Under the Nevada nonjudicial foreclosure statute, when a Notice of Default is recorded by a Trustee or other purported agent of the beneficiary prior to the recording of a document appointing that Trustee or purported agent, is the resulting foreclosure invalid so as to require at least one additional document to be recorded to correct the foreclosure process?